## PATTERSON PRODUCE COMPANY, Petitioner, v. COMMISSIONER OF INTERNAL REVENUE, Respondent.

Docket No. 3994.   Decided September 23, 1926.

Where a corporation failed in 1917, and thereafter, until its legal dissolution in 1923, did no business of any kind, held no corporate meetings and exercised no corporate rights or privileges, except that of filing reports and paying franchise taxes required by state law and filing for said years income-tax returns which showed the corporation to be insolvent, and, where a partnership was formed by two of the former stockholders and owners of the corporation, which partnership carried on the same line of business, part of the time under the same name as the corporation, but kept its books and filed income-tax returns accounting for the profits of the business as partners, *held*, the income in question was income of the partnership and not of the corporation.

*George S. Atkinson, Esq.*, and *Luke B. Garvin, C. P. A.*, for the petitioner.

*Ellis W. Manning, Esq.*, for the respondent.

Van Fossan: This is a proceeding for the redetermination of a deficiency for the year 1920, amounting to $3,426.20. The question involved is whether the income sought to be taxed was income of the petitioner, a defunct corporation, or of a partnership which succeeded to the business, the partnership consisting of the principal owners and stockholders of the corporation.

### FINDINGS OF FACT.

In 1913, A. B. Patterson, his wife, his son, A. B. Patterson, Jr., and two other parties formed a corporation under the laws of the State of Texas, known as the Patterson Produce Co., the principal stockholders being A. B. Patterson, his wife, and son, the other incorporators holding only qualifying shares. The corporation was created for carrying on the business previously conducted by A. B. Patterson individually as a dealer in poultry products.

The corporation was engaged actively in business during the years 1913, 1914, 1915, 1916, and until August, 1917. The business was successful until the latter part of 1916. In August, 1917, the corporation found itself indebted in an amount approximating $60,000, with corporate assets amounting to less than $10,000. About August 10, 1917, the corporation closed its doors for a period of a week, during which time it made settlements with various creditors, turning corporate accounts over to one creditor. The president of the corporation, A. B. Patterson, deeded his home and farm, both personally owned, and his life insurance policies over to a bank creditor.

At the same time, in August, 1917, A. B. Patterson and his son made an oral agreement of partnership, providing that each should take from the firm only a living and that they should personally assume the obligations of the insolvent corporation, and that after paying all the corporation's debts they would share the profits of the partnership. There were no tangible assets of the corporation after settlement with creditors and no assets were transferred to the partnership. Pursuant to this agreement A. B. Patterson and his son continued to carry on the poultry business, dealing under the name of A. B. Patterson, Jr., and later under the same name as the corporation—Patterson Produce Co. They gave their personal notes for certain of the debts of the corporation and in the course of time paid them out. From August 10, 1917, until some time in 1923, when the corporation was legally dissolved under the Texas law, the corporation continued to make such corporate returns as were required by the laws of Texas and also filed in each of these years, except 1923, Federal income and excess-profits tax returns. These returns were not filed until the corporation was penalized for not filing same, and in the returns it was noted by taxpayer that the corporation was insolvent.

After the insolvency of the corporation and informal settlement with creditors in August, 1917, though using during part of the time the name " Patterson Produce Company," the firm transacted all business as a partnership and in no respect and at no time held itself out to the business world as a corporation, nor did it hold any meetings of the officers or stockholders, declare any dividends, keep any books, claim any privileges and immunities of a corporation, or in any other way deal with the public as a corporation. After August 10, 1917, the books were kept as a partnership and individual income-tax returns were made out and filed by the partners showing the profits earned in the business of the partnership. During the period from August 10, 1917, to date of its dissolution, the corporation engaged in no business and had no income.

Under date of March 28, 1925, pursuant to an examination of the books of account and records, the Commissioner mailed a deficiency

letter fixing the amount of the deficiency for the year 1920 at $3,426.20. It is from this determination of deficiency that the taxpayer has appealed.

*Judgment for the petitioner.*

GREEN not participating.